Contracts, delay-damages; time extension; presumption as to cacase of delay; damages; rental vaJme of contractor-owned equipment. — Plaintiff sues to recover damages for alleged breach of its contract with the Navy to perform certain mechanical and electrical work at the United States Naval Station, Roosevelt Roads, Puerto Rico. The contract contained the standard disputes clause but not a suspension-of-work clause. Plaintiff encountered difficulties and delays which prevented the contract from being completed on time. Plaintiff was given an extension of time for some of the delay and liquidated damages were assessed for the balance. On appeal from the action of the contracting officer, the Armed *1309 Services Board of Contract Appeals sustained some of plaintiff’s contentions and held plaintiff entitled to an equitable adjustment in the contract price for extra work, excused plaintiff for 343 days of delay 'but assessed liquidated damages at $70.00 per day for 26 days of delay which it found to have been the fault of plaintiff. As to plaintiff’s delay-damages claim, the board ruled it lacked jurisdiction. Plaintiff sued in this court to recover its overhead costs incurred during the 343 days for which the Board had granted it a ■time extension, alleging that the costs amounted to $33,335.62. A trial was held, and on March 10,1967, Chief Commissioner Marion T. Bennett issued a printed opinion and findings of fact concluding that when a contractor is granted an extension of time, this act carries with it an administrative determination or admission that the delays necessitating the extension were not the fault of the contractor; that while this, coupled with the fact that the Board did not assess liquidated damages for the extended period might suggest that defendant was to blame for the delay, the presumption is a rebutta-ble one; that the 343 days of overall delay were the fault of defendant and were unreasonable and without justification; that except in limited circumstances rental value is not a proper measure of damages for contractor-owned equipment idled during a delay period as it does not reasonably reflect the contractor’s actual extra expense during such period; that the reasonable home office overhead allocable to the delay caused by defendant without justification was $6,380.65. Defendant filed notice of intention to except to the Commissioner’s findings and opinion and plaintiff filed notice that it did not intend to except. On August 9,1967, the parties filed a stipulation signed by their respective counsel on their behalf and stating that a written offer was submitted by plaintiff and accepted on behalf of the defendant by the Attorney General whereby plaintiff agreed to accept $5,812.20 in full settlement of all claims set forth in the petition and defendant consented to entry of judgment in that amount. On August 25, 1967, the court ordered that judgment for plaintiff be entered accordingly.